UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR RAMOS,

          Plaintiff,

    v.

GLOBAL LIQUORS INC.,
INDIVIDUALLY AND DBA COUNTRY
CORNER LIQUOR, et al.,

          Defendants.

Case No. 2:25-cv-02693-WBS-CSK

ORDER AND FINDINGS AND
RECOMMENDATIONS DECLINING
SUPPLEMENTAL JURISDICTION &
DENYING MOTION FOR DEFAULT
JUDGEMENT

(ECF Nos. 9, 12)

On September 18, 2025, Plaintiff Oscar Ramos filed this action against Defendant Global Liquors Inc., individually and dba ("doing business as") Country Corner Liquor, and Doe Defendants 1-50, alleging the following causes of action:  (1) violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); (2) violation of California's Health and Safety Code §§ 19955 *et seq.*; (3) violation of California's Disabled Person Act pursuant to Cal. Civ. Code §§ 54, 54.1 and 54.3; and (4) violation of California's Unruh Civil Rights Act pursuant to Cal. Civ. Code §§ 51 and 51.5.[1] Compl. ¶¶ 7, 9, 18-71 (ECF No. 1). These claims stem from alleged barriers Plaintiff encountered while he visited Country Corner Liquor, which is owned and operated by

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

Defendant Global Liquors Inc. *Id.* ¶¶ 3-5. On December 17, 2025, Plaintiff requested a Clerk's entry of default as to Defendant Global Liquors Inc., which was entered on December 18, 2025. (ECF Nos. 6, 7.) On January 28, 2026, Plaintiff filed a motion for default judgment and set a hearing for March 10, 2026 before the undersigned. Pl. Mot. (ECF No. 9). Defendant was served with the motion on the same day. (ECF No. 9-3.) On February 24, 2026, after Defendant had failed to respond to the motion, the Court vacated the hearing date and provided Defendant one more opportunity to respond. 2/24/2026 Order (ECF No. 10). After Defendant failed to respond by the extended deadline, the Court took the motion under submission. *See id.* To date, Defendant has not responded or appeared in this action.[2] *See* Docket.

For the reasons that follow, the Court recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims:  Claim 2, for violation of California's Health and Safety Code §§ 19955 *et seq.*; Claim 3, for violation of California's Disabled Person Act; and Claim 4, for violation of California's Unruh Act. The Court further recommends the state law claims be dismissed without prejudice; the motion for default judgment (ECF No. 9) be denied without prejudice, subject to renewal as to Plaintiff's remaining ADA claim (Claim 1); and dismissal of Doe Defendants 1-50.

## I.      THE COMPLAINT

The Complaint alleges Plaintiff is a physically disabled person who has no legs due to a catastrophic accident that led to the amputation of his legs and now requires the use of a wheelchair. Compl. ¶ 6. Defendant Global Liquors Inc. owns and operates a business, known as Country Corner Liquor, located at 1332 W. Texas St., Fairfield, California. *Id.* ¶¶ 7, 11. On or about June 25, 2025 and August 19, 2025, Plaintiff visited Country Corner Liquor "to buy food and drink." *Id.* ¶ 12. Plaintiff alleges he encountered architectural barriers that denied him access to public accommodations in violation of

---

[2]  Plaintiff has not requested that default judgment be entered against any Doe Defendants. *See* Docket. Plaintiff has not served process on any Doe Defendants as required by Federal Rule of Civil Procedure 4. *Id*. The Clerk of the Court has also not entered default as to any Doe Defendants pursuant to Rule 55(a). *Id*.

state and federal laws. *Id.* ¶¶ 13, 15-17. Specifically, Plaintiff alleges the height and width of the service counter for sales and take-out was not in compliance, and an alcove area "was very narrow and almost impossible to enter with a walker." *Id.* ¶ 4. Plaintiff further alleges he is still deterred from visiting Country Corner Liquor due to these conditions. *Id.* ¶ 12. Based on these visits, Plaintiff seeks damages and injunctive relief. *Id.* at Prayer for Relief.

## II.      LEGAL STANDARDS

A court that has original jurisdiction over a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Notably, the Ninth Circuit has held that claims asserted under the ADA and Unruh Act "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding, [and] they form part of the same case or controversy for purposes of § 1367(a)." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021) (internal quotation marks and citations omitted). However, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's rights" and district courts "can decline to exercise jurisdiction over pendent claims for a number of valid reasons." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Under 28 U.S.C. § 1367(c), a district court may decline supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4). The Ninth Circuit does not require an "explanation for a

district court's reasons [for declining supplemental jurisdiction] when the district court acts under the first three provisions." *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). However, a district court is required to identify why circumstances may be "exceptional" when declining jurisdiction under § 1367(c)(4). *Arroyo v. Rosas*, 19 F.4th at 1210.

A district court's inquiry as to whether to decline jurisdiction under 28 U.S.C. § 1367(c)(4) involves a two-part inquiry. *Arroyo*, 19 F.4th at 1210. First, the district court must identify "why the circumstances of the case are exceptional within the meaning of § 1367(c)(4)." *Id*. (citation omitted). Second, to evaluate "whether there are 'compelling reasons for declining jurisdiction' in a given case, the court should consider what 'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine' articulated in *Gibbs*." *Id*. (citing *Int'l Coll. of Surgeons*, 522 U.S. at 172-73). These two inquiries are "not particularly burdensome." *Id*. (citation omitted).

## III.     DISCUSSION

As to the first inquiry, the Court finds circumstances here are exceptional within the meaning of 28 U.S.C. § 1367(c)(4). The Ninth Circuit in *Arroyo* recognized the "recent changes in California law governing Unruh Act claims" and the California Legislature's imposition of "additional procedural requirements on construction-related accessibility claims' in order to address what it believed was continued abuse by 'high-frequency litigants.'" 19 F.4th at 1205, 1207 (quoting Cal. Civ. Proc § 425.55(a)(2), (b)). Under California law, "high-frequency litigants" are defined as "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. § 425.55(b)(1). "High-frequency litigants" are subject to a special filing fee and further heightened pleading requirements. *See* Cal. Gov't Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A). The requirements apply not just to claims brought under the Unruh Act, but also to

4

claims related to disability access under the California's Health and Safety Code and California's Disabled Person Act. *See Gilbert v. Singh*, 2023 WL 2239335, at *2 (E.D. Cal. Feb. 27, 2023) (holding claims brought under California Health and Safety Code are "construction-related accessibility claims" that are subject to the same pleading and filing requirements as a claim under the Unruh Act) (citing *Vo v. Choi*, 49 F.4th 1167, 1172-74 (9th Cir. 2022) and *Arroyo*, 19 F.4th at 1211-14); *Sepulveda v. Kobaree,* 2023 WL 5020267, at *2 (N.D. Cal. Aug. 4, 2023) (holding California Health and Safety Code claims are "subject to the same procedural requirements as Unruh Act and Disabled Person Act claims"). As a result, the Ninth Circuit has explained that "[t]he resulting differences between state court and federal court have produced significant consequences for the filing of ADA-based Unruh claims," and, because "the significant expense and burden of California's newly imposed rules for 'construction-related accessibility claims' can be avoided by pairing the Unruh Act claim with a parallel federal ADA claim and then filing the suit in federal court," there has been a large increase in the number of ADA cases filed in federal court. *Arroyo*, 19 F.4th at 1207. Accordingly, "plaintiffs can circumvent the restrictions on high-frequency litigants by filing their complaints in federal court, asserting federal question jurisdiction over the ADA claim and supplemental jurisdiction of the state law claims." *Shayler v. 1310 PCH*, LLC, 51 F.4th 1015, 1018 (9th Cir. 2022) (citing *Arroyo* 19, F.4th at 1207). Therefore, the Ninth Circuit has had "little difficulty" in reaching the conclusion that "the legal landscape" concerning Unruh Act actions constitute exceptional circumstances within the meaning of 28 U.S.C. § 1367(c)(4). *See Vo*, 49 F.4th at 1169 (*citing Arroyo*, 19 F.4th at 1214).

Here, the Court's review of its records shows Plaintiff has filed ten or more complaints alleging a construction-related accessibility violation within the twelve-month period immediately preceding the filing of the current complaint. *See Sykes v. Rios*, 2024 WL 5186841, at *1 n.1 (E.D. Cal. Dec. 20, 2024) ("It is well established that a court can take judicial notice of its own files and records under [Federal Rule of Evidence] 201."). Plaintiff failed to respond to the Court's March 18, 2026 order to show cause why the

Court should not decline to exercise supplemental jurisdiction over Plaintiff's state law claims. 3/18/2026 Order (ECF No. 12). Further, this is not the first time that Plaintiff has sought a default judgment from this Court on the same causes of action as Plaintiff alleges in the instant Complaint. *See Ramos v. Man De Yuan Enters., Inc.*, 2025 WL 3078208 (E.D. Cal. Nov. 4, 2025), *report and recommendation adopted*, 2026 WL 792538 (E.D. Cal. Mar. 20, 2026). Therefore, consistent with Ninth Circuit precedent, the Court finds exceptional circumstances are present here within the meaning of 28 U.S.C. § 1367(c)(4).

As to the second inquiry, the Court finds compelling reasons for declining supplemental jurisdiction within the meaning of 28 U.S.C. § 1367(c)(4). In its evaluation of this inquiry, the Court considers the *Gibbs* values of economy, convenience, fairness, and comity. *See Vo*, 49 F.4th at 1171. Plaintiff continues to have the option to dismiss this action and refile it in a state court in accordance with the requirements California has imposed on such actions. It is California's prerogative to impose a heightened filing fee for high frequency litigants in an effort to curb abuses of the Unruh Act. Consequently, it would not be fair, nor would comity be served, if Plaintiff was able to proceed on his state law claims in this Court and "wholly thwart" California's policy objectives in this area. *See Arroyo*, 19 F.4th at 1214 (noting "comity-based concerns that California's policy objectives in this area were being wholly thwarted and its courts were being deprived of their crucial role in carrying out the Legislature's reforms of the Unruh Act."). For these reasons, the Court finds declining to exercise supplemental jurisdiction over Plaintiff's state law claims is appropriate and consistent with Ninth Circuit law. *See Garcia v. Maciel*, 2022 WL 395316, at *5 (N.D. Cal. Feb. 9, 2022) ("Under the circumstances of this case, which has not progressed beyond threshold questions of standing and jurisdiction, the strong comity concerns identified by the Ninth Circuit in *Arroyo* outweigh any countervailing considerations of economy and efficiency that might be adversely affected by requiring [plaintiff] to refile his Unruh Act claim in state court."). This is also consistent with the approach taken by district courts in California declining to exercise

supplemental jurisdiction over state law claims brought under the Unruh Act and other California disability access statutes. *See*, *e.g.*, *Sepulveda v. Taqueria y Carniceria Martinez LLC*, 2024 WL 69066, at *2 (N.D. Cal. Jan. 5, 2024); *Gilbert v. Singh*, 2023 WL 2239335, at *2; *Sepulveda v. Kobaree*, 2023 WL 5020267, at *2.

Accordingly, the Court finds circumstances in this action are exceptional and that there are other compelling reasons to decline exercising supplemental jurisdiction over Plaintiff's Unruh Act and related state law claims pursuant to 28 U.S.C. § 1367(c)(4). The Court therefore recommends dismissal of Plaintiff's Health and Safety Code §§ 19955 *et seq.* claim (Claim 2), Disabled Person Act claim (Claim 3), and Unruh Act claim (Claim 4), without prejudice to the refiling of these claims in state court.

## IV.    DOE DEFENDANTS

In the Court's March 18, 2026 order to show cause, Plaintiff was directed to address whether Doe Defendants 1-50 will be dismissed by Plaintiff. 3/18/2026 Order at 4. Plaintiff did not submit a response to the Court's order to show cause. *See* Docket. Here, the Complaint names Doe Defendants 1-50. *See* Compl. ¶ 9. The inclusion of such "Doe" defendants is generally disfavored in the Ninth Circuit. *Soo Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). In light of Plaintiff's lack of response and Ninth Circuit case law, the Court recommends dismissing Doe Defendants 1-50 from this action.

## V.    CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1.      The Court DECLINE to exercise supplemental jurisdiction over Plaintiff's Claim 2 for violation of California's Health and Safety Code §§ 19955 *et seq*., Claim 3 for violation of California's Disabled Person Act pursuant to Cal. Civ. Code §§ 54, 54.1, and 54.3, and Claim 4 for violation of California's Unruh Act pursuant to Cal. Civ. Code §§ 51 and 51.5, and that these claims be DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(4);

2.    Plaintiff's motion for default judgment (ECF No. 9) be DENIED without prejudice, subject to renewal as to Plaintiff's remaining ADA claim (Claim 1);

3.    The Court dismiss Doe Defendants 1-50 from this action; and

4.    Plaintiff be GRANTED thirty (30) days to file a second motion for default judgment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 29, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, ramo.2693.25